IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02851-BNB

CARRILLO FRANCO,

    Plaintiff,

v.

CDOC EXECUTIVE DIRECTOR, Defendant, Official and Individual Capacity,
STURGEON, Nurse Practitioner, Defendant, Official and Individual Capacity,
SHARON HAMILTON, RN, III, Official and Individual Capacity, (unfortunately, now
    deceased),
CINDY NOLD, 16789, Defendant, Official and Individual Capacity,
KERRY BARONI, 16025, Defendant, Official and Individual Capacity,
GRIFFITH MARSHALL, 14298, Defendant, Official and Individual Capacity,
ANTHONY A. DECESARO, Defendant, Official and Individual Capacity, and
LT. SOLBA, Food Service Department, Official and Individual Capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Carrillo Franco, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility. He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Franco has paid the applicable $400.00 filing fee.

    The Court must construe the Complaint liberally because Mr. Franco is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Franco will be ordered to file an amended complaint.

Mr. Franco alleges that during his prison work assignment on June 6, 2013, he fell on the facility's kitchen floor injuring both shoulders, his right knee, his left wrist, and his neck. On June 10, 2013, Plaintiff was examined by Defendant Sturgeon, a nurse practitioner, who opined that his shoulder injuries were not related the slip and fall. Mr. Franco alleges that Defendant Sturgeon prescribed Motrin for his pain and placed him on a light duty work restriction but refused to refer him to a specialist for proper treatment. Mr. Franco further alleges that Defendant Hamilton, R.N., denied his informal grievance and failed to rectify a computer error that showed he was prescribed one Motrin per day instead of two. Plaintiff states that he was finally seen by a physician who took x-rays of his injuries on July 31, 2013. Mr. Franco alleges that he continues to suffer serious pain. He claims that the Defendants intentionally delayed and denied his access to adequate medical care causing his physical condition to deteriorate. He further complains that he has been treated disparately from other inmates who were injured at the facility but were taken to the local hospitals for x-rays and a physician's examination. Mr. Franco requests damages and injunctive relief.

The Prisoner Complaint is deficient because Mr. Franco fails to allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The allegations against Lt. Solba do not implicate that Defendant in a

deprivation of the Plaintiff's constitutional rights.

Furthermore, a supervisor such as the Director of the CDOC can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Franco's § 1983 claims against Defendants Hamilton, Nold, Baroni, Griffith, and DeCesaro are deficient because Plaintiff seeks to hold those Defendants liable on the basis that they denied his grievances at different levels of administrative review. However, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, it is

ORDERED that Plaintiff, Carillo Franco, file **within thirty (30) days from the**

**date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Franco, shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Franco fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.  It is

DATED November 6, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge