IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02851-BNB

CARRILLO FRANCO,

      Plaintiff,

v.

STURGEON, Nurse Practitioner, Official and Individual Capacity,
CINDY NOLD, 16789, Official and Individual Capacity,
KERRY BARONI, 16025, Official and Individual Capacity,
GRIFFITH MARSHALL, 14298, Official and Individual Capacity, and
ANTHONY A. DECESARO, Official and Individual Capacity,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

      Plaintiff, Carrillo Franco, is in the custody of the Colorado Department of
Corrections at the Buena Vista Correctional Facility (BVCF).  He initiated this action by
filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights
pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

      On November 6, Magistrate Judge Boyd N. Boland reviewed the Complaint and
determined that it was deficient because Mr. Franco failed to allege specific facts to
show the personal participation of each named Defendant in a deprivation of his
constitutional rights.  Accordingly, Magistrate Judge Boland ordered Plaintiff to file an
Amended Complaint within thirty (30) days of the November 6 Order.  Mr. Franco filed
an Amended Complaint on December 3, 2013.  On December 6, 2013, Magistrate
Judge Boland reviewed the Amended Complaint and determined that it was deficient

because Mr. Franco did not file an amended pleading that included all of his claims for relief.  Instead, he filed a document that added new allegations and asked the Court to incorporate by reference into his Amended Complaint.  Magistrate Judge Boland therefore ordered Plaintiff to file a single Second Amended Complaint to include all of his allegations and claims for relief, within thirty (30) days of the December 6 Order.  Mr. Franco filed a Second Amended Complaint on January 7, 2014 (ECF No. 8).

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Second Amended Complaint because Mr. Franco is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Second Amended Complaint, or any portion thereof, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams* , 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Franco is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, the Second Amended Complaint will be dismissed in part.

Mr. Franco alleges in the Second Amended Complaint that while performing his prison work assignment on June 6, 2013, he fell on the facility's kitchen floor injuring both shoulders, his right knee, his left wrist, and his neck.  On June 10, 2013, Plaintiff was examined by Defendant Sturgeon, a nurse practitioner, who opined that his

2

shoulder injuries were not related the slip and fall. Mr. Franco alleges that Defendant

Sturgeon prescribed Motrin for his pain and placed him on a light duty work restriction,

but refused to request x-rays or to refer him to a specialist for proper treatment. Plaintiff

alleges that Defendant Nold, a nurse at BVCF, improperly denied his grievance at step I

and should have assisted him in obtaining the proper medical evaluations to determine

the extent of his injuries. Plaintiff states that he was finally seen by a physician who

took x-rays of his injuries on July 31, 2013. He claims that the Defendants intentionally

delayed and denied his access to adequate medical care, causing his physical condition

to deteriorate as well as continuing pain. He maintains that Defendant Baroni, the

acting Health Services Administrator and supervisor of all medical personnel at BVCF,

denied his grievance at Step II even though she had the authority to assure that he

received the proper medical care. Mr. Franco further asserts that Defendants Griffith

and DeCesaro, who work at the DOC central office in Colorado Springs, Colorado,

violated his Eighth Amendment rights when they denied his grievances. Finally, Plaintiff

complains that he has been treated disparately from other inmates who were injured at

the facility, but were taken to the local hospitals for x-rays and a physician's

examination. Mr. Franco requests damages and injunctive relief.

Mr. Franco cannot maintain his claim against Defendants Griffiths and DeCesaro

because he fails to allege specific facts to show their personal participation in a

deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland

in the November 6 Order that personal participation is an essential element of a civil

rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976);

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link

3

between the alleged constitutional violation and each defendant's participation, control

or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993).

Mr. Franco's claims against Defendants Griffith and DeCesaro must be

dismissed because he seeks to hold those Defendants liable on the basis that they

denied his grievances at different levels of administrative review.  However, the "denial

of a grievance, by itself without any connection to the violation of constitutional rights

alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No.

07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that

"the denial of the grievances alone is insufficient to establish personal participation in

the alleged constitutional violations.") (internal quotation marks and citation omitted);

*Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20,

2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining

[a] complaint . . . without more, does not sufficiently implicate the [supervisory official]

under § 1983").

Plaintiff does not allege any facts to show that Defendants Griffith and DeCesaro,

who work in the DOC's Colorado Springs office, were personally involved in his medical

care or had any control over medical decisions at BVCF.   Accordingly, Defendants

Griffith and DeCesaro are improper parties to this action and will be dismissed.  By

contrast, Mr. Franco's allegations that Defendant Baroni, who denied his grievance at

Step II, was the acting Health Services Administrator at BVCF and had authority over

inmate medical care, is sufficient to show Defendant Baroni's personal participation.

4

Similarly, Plaintiff's allegations that Defendant Nold played a role in depriving him of alleged necessary medical care are sufficient to show the Defendant's arguable participation in a constitutional violation.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Franco's claims against Defendants Sturgeon, Nold, and Baroni do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendants Griffith and DeCesaro are DISMISSED as parties to this action for Plaintiff's failure to allege their personal participation.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  16th  day of  ___January___, 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court